## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, on its
own behalf and on behalf of the
PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer,
                 Plaintiffs,                         83cv01041 MV-ACE
                                                      JEMEZ RIVER ADJUDICATION
and

THE PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,
                 Plaintiffs-in-Intervention,

v.

TOM ABOUSLEMAN, *et al.*,
                 Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Pueblos' (Zia, Jemez and Santa Ana) and the

United States' Motion to Strike (Doc. No. 4053, filed November 4, 2004).  The Court has reviewed the

submissions of the parties and the relevant law.  For the reasons set forth below, the Court shall

**GRANT IN PART** and **DENY IN PART** the Motion.

The Commissioner of Public Lands for the State of New Mexico ("Commissioner") filed a

Declaration of State of New Mexico Trust Reserved Water Rights ("Declaration").  (Doc. No. 4049,

filed September 1, 2004).  The Declaration states Congress reserved certain lands for the Territory of

New Mexico and the State of New Mexico and in doing so reserved surface and ground water rights for

those lands.  (*Id*. at 1).

The Pueblos of Zia, Jemez and Santa Ana, and the United States, filed a Motion to Strike the Commissioner's Declaration on the grounds that the Commissioner is bound by the Partial Final Judgment entered on December 12, 2000, (Doc. No. 3948), that adjudicated water rights to the non-Indian and State of New Mexico governmental agencies in the Jemez Stream System.  (Mot., Doc. No. 4053, filed November 4, 2004; Mem. in Support of Mot., Doc. No. 4054, filed November 4, 2004).

The Commissioner argues that the Motion to Strike should be recognized as a motion to dismiss because it seeks dismissal of the Commissioner's entire claim rather than seeking to eliminate only the redundant, immaterial, impertinent, or scandalous matter in the pleading.  (Resp. at 2-3, Doc. No. 4073, filed March 11, 2005).  The Pueblos and the United States do not disagree.  (Reply at 3).  Fed. R. Civ. P. 12(f), which permits the Court to strike from a pleading any matter that is redundant, immaterial, impertinent, or scandalous, was designed for excision of material from a pleading, not for dismissal of claims in their entirety.  *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (*citing* 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1380, at 644 (1990)).  Therefore, the Court shall deny the Motion to the extent that the Motion seeks to strike the Commissioner's Declaration, and will treat the Motion as a Motion to Dismiss.  *See Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (defense of *res judicata* may be upheld on a Fed. R. Civ. P. 12(b)(6) motion without requiring an answer when all relevant facts are shown by the court's own records, of which the court takes notice).

The United States and the Pueblos assert that the Commissioner's Declaration is a new water right claim which is precluded by the Partial Final Judgment and Decree entered on December 1, 2000, (Doc. No. 3948), by this Court in this case.  The Court agrees.

The Commissioner states his "Declaration does not request any relief; it merely states, like an affidavit or brief, certain facts relevant to the Commissioner's potential claims of reserved rights," which "was filed to assist the Court in scheduling remaining issues in this case so as to consider the

2

Commissioner's potential claims." (Resp. at 8-9). The Court construes the Declaration to be a claim because it states that Congress reserved water rights, and the purpose, priority, amount and place of use of the water. The Declaration, therefore, asserts all the facts which would give the Commissioner the right to judicial redress in a water rights adjudication. *See* N.M. Stat. Ann. § 72-4-19 (listing elements of each water right that must be declared in decree). The Commissioner's reserved water right claim is, however, precluded by the Partial Final Judgment and Decree entered on December 1, 2000, (Doc. No. 3948).

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Satsky v. Paramount Comm. Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993). One of the main policy considerations underlying *res judicata* is the interest in bring litigation to an end. *Nwosun v. General Mills Restaurants*, 124 F.3d 1255, 1258 (10th Cir. 1997). The doctrine of claim preclusion requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. *Id.* at 1257. All four of these elements are satisfied with respect to the Commissioner's Declaration.

The Partial Final Judgment and Decree ("Decree") entered on December 1, 2000, (Doc. No. 3948), is a final judgment in accordance with Fed. R. Civ. P. 54(b). (Decree at 1). The Decree adjudicates "*all* water rights in within the Jemez River Stream System, as set forth in previously filed orders, with the exception of the rights described in Paragraphs 3, 4, 5 and 6, [of the Decree]." (Decree at 3, *emphasis added*). The exceptions described in the Decree do not include the reserved right claim in the Commissioner's Declaration. (Decree at 2). The Decree adjudicates 12 subfiles to the

3

Commissioner. (Decree Addendum, Book 2, Owner Index at 6). "The parties whose water rights are adjudicated [in the Decree . . .] are permanently enjoined from any diversion, impoundment or use of the public waters of the Jemez River Stream System except as adjudicated [in the Decree]." (Decree at 3).

And, the Commissioner had a full and fair opportunity to litigate the reserved water right claim in his Declaration. The Commissioner's argument that he could not litigate the reserved water right under Decree, because the Decree only adjudicated "proprietary" rights under state law and reserved rights are not proprietary rights, is not persuasive. (*See* Resp. at 4-7). An earlier partial final decree in this case, (Doc. No. 3868, filed November 29, 1999), entitled "Partial Final Decree on the *Proprietary* Water Rights of the United States on Lands Administered by the Forest Service, Bureau of Land Management, and Department of Energy," (*emphasis added*), adjudicates reserved water rights. (Doc. No. 3868 at 6, 8). Nor is his argument that the title of the Decree, referring to "Non-Federal" water rights, excludes rights based upon federal law, i.e. reserved rights, persuasive. (*See* Resp. at 4-7). The context of the two partial final decrees, (Doc. Nos. 3868 and 3948), clearly shows that the adjective "Non-Federal" relates to the ownership of the rights. The Commissioner's argument that his reserved right claim is not barred because it has never been actually and necessarily determined is not correct. (*See* Resp. at 7-8). The doctrine of claim preclusion bars parties from "relitigating issues that were *or could have been* raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (*emphasis added*); *Satsky v. Paramount Comm. Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993). The Commissioner had a full and fair opportunity to litigate the reserved water right claim, but failed to do so before entry of the Partial Final Decree adjudicating his rights, and is barred from doing so now. Therefore, the Court shall dismiss the Commissioner's Declaration.

**IT IS SO ORDERED.**

4

**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**