IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, on its
own behalf and on behalf of the
PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer,
        Plaintiffs,                                    83cv01041 MV-ACE
                                                               JEMEZ RIVER ADJUDICATION

and

THE PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,
        Plaintiffs-in-Intervention,

v.

TOM ABOUSLEMAN, *et al.*,
        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the Commissioner of Public Lands' Motion for Reconsideration of July 25 [sic], 2005 Memorandum Opinion and Order (Doc. No. 4086, filed September 20, 2005). For the reasons that follow, the Court shall **DENY** the Motion.

The Commissioner of Public Lands ("Commissioner") filed a Declaration of State of New Mexico Trust Reserved Water Rights on September 1, 2004, (Doc. No. 4049). The Pueblos of Zia, Jemez and Santa Ana, and the United States, filed a motion, (Doc. No. 4053, filed November 4, 2004), to strike the Commissioner's Declaration on the grounds that the Commissioner is bound by the Partial Final Decree entered on December 12, 2000, (Doc. No. 3948), that adjudicated water rights to the non-Indian and State of New Mexico governmental agencies in the Jemez Stream

System.  After reviewing the Parties' briefs and reviewing the relevant law, the Court concluded that the Commissioner had a full and fair opportunity to litigate the reserved water right claim, but failed to do so before entry of the Partial Final Decree adjudicating his water rights, and was precluded from doing so afterwards.  (Doc. No. 4082, filed July 20, 2005).

The Commissioner now requests that the Court reconsider its July 20, 2005 Memorandum Opinion and Order, determine that the doctrine of claim preclusion does not apply, and allow Movant to fully state his reserved water rights claims in October of 2007.  In his Motion, the Commissioner argues that the Partial Final Decree only disposed of the Commissioner's state law appropriative rights, as opposed to reserved rights, that the Commissioner was never given a full and fair opportunity to present his reserved rights claims, and that the Commissioner should be allowed to state and adjudicate his reserved rights claims.  These issues were briefed by the Parties and considered by the Court before the Court entered its July 20, 2005, Memorandum Opinion and Order. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1992) (it is not the purpose of a motion to revisit issues already addressed or to advance new arguments that were otherwise available for presentation when the original motion was briefed).  The Commissioner fails to demonstrate that there are extraordinary circumstances that would warrant the Court reconsidering its July 20, 2005, Memorandum Opinion and Order.  *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988)(court should be loathe to revisit its prior decisions in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice).  Therefore, the Court will deny the Commissioner's Motion.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**