IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, on its
own behalf and on behalf of the
PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer,
        Plaintiffs,                        83cv01041 MV-ACE
                                                  JEMEZ RIVER ADJUDICATION
and

THE PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,
        Plaintiffs-in-Intervention,

v.

TOM ABOUSLEMAN, *et al.*,
        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Notice of Filing of Updated Service List for Notice of Partial Final Judgment and Decree of the United States' Wild and Scenic River Act Reserved Water Right (Doc. No. 4180, filed May 1, 2008) ("Notice"), the Notice of Filing of Proposed Partial Final Judgment and Decree of the United States' Wild and Scenic River Act Reserved Water Right (Doc. No. 4181, filed May 2, 2008) and the Notice of Filing of Supplement to Service List for Notice of Partial Final Judgment and Decree of the United States' Wild and Scenic River Act Reserved Water Right (Doc. No. 4185, filed May 12, 2008) ("Supplement").

The Office of the State Engineer ("OSE") acquired, from the Court's data manager, the database listing the 1,095 defendants in this case at the time of entry of the Partial Final Judgment and Decree on Non-Pueblo, Non-Federal Proprietary Water Rights in 2001.  (Notice at Exhibit A). The OSE updated the list of defendants by checking several sources, including the records of the

State Engineer. (Notice at 1 and Exhibit A; Supplement at 1). Because New Mexico law requires new owners of water rights to file a change of ownership form with the OSE, the Court concludes that the State has exercised reasonable diligence in ascertaining all known claimants. *See* N.M. STAT. ANN. §§ 72-1-2.1 (change of ownership), 72-4-17 (ascertaining claimants). In addition, because the Court's local rules require that all attorneys of record and parties appearing *pro se* to notify the Clerk of the Court of any change in their address, and because the Notice of Entry of Partial Final Judgment and Decree of the United States' Wild and Scenic River Act Reserved Water right shall be served on unknown claimants by publication, the Court also concludes that Notice procedure (Order, Doc. No. 4177, filed April 2, 2008) satisfies constitutional due process requirements. *See* D.N.M.LR-Civ. 83.6; *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

The State shall make the following changes to the Proposed Final Judgment and Decree of the United States' Wild and Scenic River Act Reserved Water Right:

1. Correct the spelling of the Chief Judge's name on the signature line to read "Vázquez"

2. Replace "Leslie C. Smith" with "William P. Lynch" on the Approved signature line.

The State shall then proceed serving the known claimants by mail.

**IT IS SO ORDERED.**

*/s/ William P. Lynch*
**WILLIAM P. LYNCH**
**UNITED STATES MAGISTRATE JUDGE**

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          2