**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA, on its
own behalf and on behalf of the
PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer,
        Plaintiffs,                              83cv01041 MV/WPL
                                                                             JEMEZ RIVER ADJUDICATION
and

THE PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,
        Plaintiffs-in-Intervention,

v.

TOM ABOUSLEMAN, *et al.*,
        Defendants.

**ORDER**

**THIS MATTER** comes before the Court on the Joint Motion of United States and Pueblos of Jemez, Zia, and Santa Ana Requesting Court to Permit the Parties to Engage in Fact-Finding and Related Discovery Prior to Submitting Briefs on Critical Threshold Issues; Response to Order of May 4, 2012. (Doc. No. 4246, filed May 25, 2012). For the reasons stated below, the Motion will be **GRANTED in part** and **DENIED in part.**

The United States, the State of New Mexico ("State"), the Jemez River Basin Water Users Coalition ("Coalition") and the Pueblos of Jemez, Santa Ana, and Zia ("Pueblos") requested that the Court rule on certain legal issues before proceeding with the adjudication of the Pueblos' water rights claims. (*See* Doc. No. 4244, filed May 4, 2012). Those legal issues are:

    Issue No. 1:    Have the Pueblos ever possessed aboriginal water rights in connection with their grant or trust lands, and if so, have those aboriginal water rights been modified or extinguished in any way by any actions of Spain, Mexico or the United States?

        Sub-issue:    Did the Acts of 1866, 1870 and 1877 have any effect on the Pueblos' water rights and, if so, what effect?

        Sub-issue:    Did the Pueblo Lands Acts of 1924 and 1933 have any effect on the Pueblos' water rights and, if so, what effect?

        Sub-issue:    Did the Indian Claims Commission Act have any effect on the Pueblos' water rights and, if so, what effect?

    Issue No. 2:    Does the *Winans* doctrine apply to any of the Pueblos' grant or trust lands?

    Issue No. 3:    If the Pueblos have aboriginal water rights or *Winans* reserved water rights, what standards apply to quantify such rights?

    Issue No. 4:    Do the Pueblos have *Winters* reserved rights appurtenant to their trust lands and, if so, how are those rights to be measured?

    Issue No. 5:    Are the Pueblos entitled to any riparian rights?

(Motion at 2-3).

The United States and the Pueblos filed a proposed litigation plan that included one year to complete fact development and discovery/depositions before beginning a 300-day briefing schedule. (*See* Doc. No. 4237, filed April 13, 2012). The State and the Coalition also filed a proposed litigation plan with a 300-day briefing schedule to begin shortly after the Court's action on the proposed litigation plans with the Court determining the need for any fact development and discovery after reviewing the briefs. (*See* Doc. No. 4239, filed April 13, 2012).

The Court held telephonic status conference on May 3, 2012, to discuss the length of the briefing schedule and the need for additional fact development. (*See* Doc. No. 4242, filed April 26, 2012). During the status conference the parties indicated that the 300-day briefing schedule resulted

from briefing the issues in two stages and that the briefing schedule could be reduced to 150 days if they briefed all five issues simultaneously. The Court ordered the United States and the Pueblos to file a motion requesting time for additional fact development along with an affidavit containing information to help the Court determine whether the time requested for additional fact development is justified or instead will result in undue delay. (*See* Doc. No. 2444, filed May 4, 2012).

The United States and the Pueblos' Motion seeks "four months to engage in factual development and three months thereafter to engage in discovery (i.e. depose any experts who have issued any reports) before briefs are submitted to the Court." (Motion at 12). The time requested is based on an estimate of an expert "in Spanish and Mexican law to locate pertinent documentation and prepare a report" regarding Issue No. 1. (Motion at 9). The United States and the Pueblos state that Issue No. 4 regarding *Winters* reserved rights will require some fact development regarding Congressional intent but believe that such factual information "can be acquired relatively soon (within a few months) and therefore should not warrant a delay in the briefing schedule." (Motion at 3, 11). The United States and the Pueblos state that Issue No. 3 and Issue No. 5 can be briefed without further fact development. (*See* Motion at 11).

The State and the Coalition oppose the United States and the Pueblos' Motion. (*See* Coalition's Response, Doc. No. 4248, filed June 8, 2012; State's Response, Doc. No. 4249, filed June 11, 2012). The State and the Coalition argue that the United States and the Pueblos have "'had their day in court' with respect to Spanish and Mexican law" and that allowing additional fact development would result in undue delay.

The United States and the Pueblos' Motion appears to request a seven-month fact development/discovery period before any briefs are filed. Adding the 150-day briefing period to the end of the fact development/discovery period, which appears to be directed primarily at Issue

3

No. 1, would result in briefing being completed one year after granting the Motion. To the extent that the United States and the Pueblos seek a seven-month fact development/discovery period before any briefs are filed, the Motion is denied.

The parties have not presented any reasons why briefing of issues that need no fact development cannot begin immediately. The Court will allow the United States and the Pueblos to develop facts concurrently with briefing of those issues that need little or no fact development.

Opening briefs on Issue No. 5 regarding riparian rights are due within 30 days of entry of this Order. Responses are due 15 days after the deadline for the opening briefs. Replies are due 15 days after the deadline for responses.

Opening briefs on Issue No. 4 regarding *Winters* reserved rights are due 20 days after briefing on Issue No. 5 is completed, with responses due 15 days after the deadline for the opening briefs and replies due 10 days after the deadline for responses.

Opening briefs on Issue No. 3 regarding quantification standards for aboriginal and *Winans* rights are due 20 days after briefing on Issue No. 4 is completed, with responses due 15 days after the deadline for the opening briefs and replies due 10 days after the deadline for responses.

The United States and the Pueblos shall identify in writing any expert witness they intend to use and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and (C) no later than four months after entry of this Order. The State and the Coalition shall identify in writing any expert witness they intend to use for rebuttal and provide expert reports or other disclosures within 30 days after the disclosures by the United States and the Pueblos. Within one month after the disclosures by the State and the Coalition, the parties shall file a report discussing the status of the discovery/deposition phase and the schedule for briefing Issue No. 1 and Issue No. 2.

**IT IS SO ORDERED.**

*William P. Lynch*

**WILLIAM P. LYNCH**
**UNITED STATES MAGISTRATE JUDGE**