IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, on its
own behalf and on behalf of the
PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer,
           Plaintiffs,                          83cv01041 MV/WPL
                                                      JEMEZ RIVER ADJUDICATION
and

THE PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,
           Plaintiffs-in-Intervention,

v.

TOM ABOUSLEMAN, *et al.*,
           Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the briefs of the United States, the Pueblos of Jemez, Zia, and Santa Ana, the State of New Mexico, and the Jemez River Basin Water Users Coalition. For the reasons stated below, the Court will not determine whether the Pueblos of Jemez, Zia, and Santa Ana are entitled to water rights based on the common law doctrine of riparian rights.

The United States, the State of New Mexico ("State"), the Jemez River Basin Water Users Coalition ("Coalition") and the Pueblos of Jemez, Santa Ana, and Zia ("Pueblos") were not able to reach a settlement on the water rights claims of the Pueblos and informed the Court that it will be necessary to resume litigation of those claims. (*See* Doc. No. 4234, filed March 15, 2012). The parties indicated that before "proceeding with a discovery plan, the parties believe that there are several critically important threshold legal issues outstanding that, in the interests of judicial

economy and the parties' economic resources, must be decided by the Court before the parties can meaningfully prepare for trial and present relevant evidence and, hence, before we can submit a discovery plan." (*Id.*). The parties submitted proposed litigation plans which identified five threshold legal issues. (*See* Doc. No. 4237, filed April 13, 2012; Doc. No. 4239, filed April 13, 2012).

One of those issues, Issue No. 5, is: "Are the Pueblos entitled to any riparian rights?" (Doc. No. 4237, filed April 13, 2012). "Riparian rights" refer to the rights of a landowner whose property borders on a body of water to make use of the water. *See* 1 WATER AND WATER RIGHTS § 6.01 (Amy L. Kelley, ed., 3rd ed. 2011). "[N]either the United States nor any Pueblo asserted any claim based on riparian rights in their Complaints, or in their Statement of Water Claims." (Doc. No. 4266, filed September 5, 2012). The United States and the Pueblos identified Issue No. 5 as a threshold legal issue "because pleadings filed by the United States and Pueblos in the 1980's, included, as an alternative theory, arguments that the Pueblos had water rights pursuant to the common law riparian rights doctrine." (Doc. No. 4255 at 1, filed August 6, 2012).

The Court set a briefing schedule and ordered that simultaneous briefing begin with Issue No. 5. (*See* Doc. 4253 at 4, filed July 5, 2012). Briefing on Issue No. 5 is now complete.

In their opening brief on Issue No. 5, the United States and the Pueblos of Jemez and Santa Ana state that after examining the issue in more detail, "the United States and the Pueblos of Jemez and Santa Ana have now concluded that they will not assert any water rights claims in this action predicated on the common law doctrine of riparian rights." (Doc. 4260 at 2, filed August 21, 2012). In its opening brief on Issue No. 5, the Pueblo of Zia states that it also "has decided not to assert a separate water rights claim solely on a common law riparian theory." (Doc. 4254 at 1, filed August 6, 2012).

Because of the simultaneous briefing, the State and the Coalition filed opening briefs opposing the United States and the Pueblos' riparian rights claims before learning that the United States and the Pueblos were not asserting such claims. In subsequent briefs, the State and the Coalition request that the Court decide that the Pueblos are not entitled to riparian rights. (State's Response at 7, Doc. 4263, filed August 21, 2012; Coalition's Reply at 7, Doc. No. 4265, filed September 5, 2012).

The Court will not determine whether the Pueblos are entitled to riparian rights. There is no controversy as to whether the Pueblos are entitled to riparian rights because the United States and the Pueblos are not asserting that they are entitled to riparian rights. Consequently, an order determining whether the Pueblos are entitled to riparian rights would be an advisory opinion. "[F]ederal courts are constitutionally forbidden from issuing advisory opinions and are restricted to adjudicating concrete cases or controversies." *United States v. Sturm*, Slip Copy, 2011 WL 6261657 *25 (10th Cir. 2011) (citing U.S. Const. art. III, § 2, cl. 1; quoting *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) ("As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.")).

**IT IS SO ORDERED.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE