**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA, on its
own behalf and on behalf of the
PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer,
    Plaintiffs,        83cv01041 MV/WPL
                  JEMEZ RIVER ADJUDICATION
and

THE PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,
   Plaintiffs-in-Intervention,

v.

TOM ABOUSLEMAN, *et al.*,
   Defendants.

**MEMORANDUM OPINION AND ORDER**

   **THIS MATTER** comes before the Court on the Objections of the United States and Pueblos, the State of New Mexico and the Jemez River Basin Water Users' Coalition to the exhibits proposed for the February 3-4, 2014 evidentiary hearing. [Doc. 4325-4327].

   The Court has set an evidentiary hearing for February 3-4, 2014 regarding Issues 1 and 2. The parties have proposed exhibits for the evidentiary hearing and have filed objections to some of the proposed exhibits. The Court considered the exhibits and objections, and held a pretrial conference on January 9, 2014, to announce rulings on the objections. The Court did not take further argument during the pretrial conference in accord with District of New Mexico Local Rule 7.6(a) and made its rulings based on the parties' written submissions.

**The Pueblo of Zia's Exhibits**

The Pueblo of Zia filed a list of seven proposed exhibits in addition to those exhibits proposed by the United States/Pueblos. [Doc. 4310]. The Coalition objected to the Pueblo of Zia's exhibits 1-5 on the grounds that they are hearsay and lack of foundation. [Doc. 4325]. The State objected to all seven of the Pueblo of Zia's exhibits on the grounds that they are hearsay. [Doc. 4326]. The Pueblo of Zia subsequently withdrew all of their proposed exhibits. [Doc. 4330]. Consequently, there is no need to rule on the Coalition's or the State's objections to the Pueblo of Zia's exhibits.

**The State of New Mexico's Exhibits**

The State of New Mexico filed a list of 17 exhibits that it expects to offer. [Doc. 4311]. While no party filed objections to the State's list of exhibits, the Court has an independent obligation to determine if the proposed exhibits come within the evidentiary standards under the federal rules.

The State's exhibits 4, 6-8, 11-12, and 14 are all exhibits in the Spanish language with no English translation. "It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English." United States v. Rivera-Rosario, 300 F.3d 1, 5, 7 n.4 (1st Cir. 2002) (noting "well-settled rule that parties are required to translate all foreign language documents into English"); but see United States v. Regner, 677 F.2d 754, 762-763 (9th Cir. 1982) (dissent) (noting that courts regularly admit foreign documents under business and public records exceptions to rule against hearsay, but not addressing whether a translation is required); Rivas-Montano v. United States, 2006 WL 1428507 *1 n.1 (M.D.Fla. 2006) (requiring defendant to furnish a certified translation of any Spanish documents he files, but noting that some courts have allowed foreign-language documents into evidence without accompanying translations).

The reasoning in the cases cited above is sound.  Proceedings in federal courts must be conducted in the English language.  Clearly, the fact finder must be able to read and comprehend the documents and exhibits tendered.  The failure to tender translations thwarts the Court's fact finding obligations.  In many of the documents, the terms or the usage is archaic and the vocabulary makes it difficult for even a contemporary Spanish speaker to follow and understand.  Therefore, the Court concludes that in the absence of English translation, those exhibits will not be received into evidence.

While the Spanish documents without English translations will not be received into evidence, the expert witnesses may disclose the information in those documents on which he relied to show the basis of his opinion, if the expert testifies that the documents that he relied upon are of the type of documents generally relied upon by experts in the field.  Federal Rule of Evidence 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Allowing the experts to refer to the Spanish documents will help the Court evaluate their opinions.  There is no indication that disclosure of the Spanish documents will prejudice the other parties.

The State's exhibits 10 and 13 are hearsay and will be excluded.

A few days before the pretrial conference, the State filed a first supplemental disclosure [Doc. 4334] listing five additional documents on which it may rely in the February hearing.  Counsel for the State clarified that the State is not proposing to offer these documents as exhibits.  Instead, the list is more of an errata or correction that provides better identification of documents referenced in its expert's report.

**The Exhibits of the United States and Pueblos**

The Coalition objects to the United States/Pueblos' exhibits 5-6, 12-17, 21-26, 43, 47-49, 54-58, 61-64 and 66. [Doc. 4325]. The Coalition objects on the grounds that the exhibits are in untranslated Spanish, most of which is archaic Spanish and in many cases are illegible. The Coalition argues that absent a full and reliable written translation of these documents, they have little or no probative value and would serve only to confuse and clutter the record and improperly bolster the oral testimony of the United States/Pueblos' expert witness. The Coalition further objects to exhibits 15 and 16 on the grounds that they are not relevant because they are directed to Peru and Guatemala.

For the reasons stated above, the Court sustains the Coalition's objection and will not allow the Spanish, untranslated documents to be received. To the extent that the United States and Pueblos are able to demonstrate that their expert has relied on these documents and that these are the kinds of documents that experts in their field would rely on for purposes of formulating their opinion, the experts may refer to these Spanish documents and demonstrate what the documents state and why they are of value to the expert in formulating and expressing his opinion.

Regarding the Coalition's objections concerning the Peruvian and Guatemalan documents, even though those documents relate to Peru and Guatemala, both countries were part of the Spanish colonization of the Americas. Both were under Spanish protectorate and Spanish law. The fact that they do no specifically relate to current law is not the basis for exclusion. If the expert is relying on them to explain his opinion, they may be relied on even though the documents themselves are inadmissible.

The State objects to the United States/Pueblos' exhibits 26-28 and 61. [Doc. 4326]. For each of the four exhibits, the State objects on the grounds that the exhibit is incomplete and would

4

therefore be misleading. For exhibits 26-28, the State indicates that it does not object to the introduction of the exhibits if the entire text is included. Exhibits 26 and 61 are in Spanish. The State's briefing is lacking in an explanation of how the documents are misleading or how the complete documents are necessary for the fact finder's understanding.

The Court sustains the State's objection regarding exhibits 26 and 61, but not on the basis of incompleteness, but on the basis of lack of an English translation. The Court overrules the State's objection as to lack of completeness regarding exhibits 27 and 28. The Federal Rules of Evidence allow an opposing party, when an incomplete document is submitted, to tender the complete document if relevant to the issues that are before the Court.

**The Coalition's Exhibit**

The Jemez River Basin Water Users Coalition ("Coalition") indicated they may seek to introduce portions of Santiago Oñate's deposition taken in this matter on January 6-7, 1988. [Doc. 4309]. The United States had designated Mr. Oñate as an expert in 1988, but has since designated Dr. Charles R. Cutter to be its expert for the February 2014 evidentiary hearing. [Doc. 4327].

The United States argues that Mr. Oñate's deposition testimony is hearsay and should be excluded. [Doc. 4327]. The United States also argues that the Court's Scheduling Order does not permit Mr. Oñate to testify because no party disclosed him as a witness and the Coalition has not shown that Mr. Oñate is not available to testify in person.

In its response, the Coalition states that it does seek to introduce Mr. Oñate's prior testimony as the Coalition's own expert testimony. [Doc. 4328]. The Coalition argues that Mr. Oñate's deposition is not hearsay under Fed. R. Evid. 801(d)(2)(B and C) because: (1) the testimony was made by a person that the United States authorized to make a statement on the subject; and (2) the United States adopted Mr. Oñate's deposition testimony. The Coalition further argues that even if

Mr. Oñate's statements are hearsay, they should be considered under Fed. R. Evid. 807 because they have guarantees of trustworthiness, are offered as evidence of a material fact, are more probative than other evidence that could be obtained through reasonable efforts, and admitting them will serve the purposes of the rules and the interests of justice. The Coalition does not address Mr. Oñate's availability to testify in person.

In their reply, the United States/Pueblos argue that Mr. Oñate's deposition excerpts are not attributable to the United States because Mr. Oñate testified at a hearing before the Special Master after having his deposition taken and the United States objected to certain questions asked of Mr. Oñate at the hearing. [Doc. 4332]. The United States contends that because it objected at the hearing to certain questions related to Mr. Oñate's deposition testimony, it did not authorize Mr. Oñate to make those statements and the United States did not adopt those statements.

The Coalition argues that Mr. Oñate's deposition is not hearsay under Fed. R. Evid. 801(d)(2)(B) because the United States adopted Mr. Oñate's deposition testimony. Rule 801(d)(2)(C) provides:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
>
> . . .
>
> **(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:
>
> . . .
>
> **(B)** is one the party manifested that it adopted or believed to be true;
>
> . . . .

"A party may adopt a written statement if the party uses the statement or takes action in compliance with the statement. Correspondingly, if a party makes clear his or her disagreement with

a written or spoken statement of another, there is no adoption of the statement." 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 801.31[3][b]. "[W]hen determining whether a party has manifested a belief in the truth of a document, the test is 'whether the surrounding circumstances tie the possessor and the document together in some meaningful way' . . . A document is sufficiently 'tied' to the possessor 'to the extent the adoptive party accepted and acted upon the evidence.'" Wright-Simmons v. City of Oklahoma City, 155 F.3d 1264, 1268 (10th Cir. 1998) (adopting First Circuit test for determining whether a party adopted a statement).

The Coalition contends that the United States adopted Mr. Oñate's deposition testimony because: (1) when responding to interrogatories and motions for summary judgment, and when filing their Joint Motion [Doc. 4246] in May 2012, the United States referred the Court to Mr. Oñate's deposition; and (2) the United States and the Pueblos filed Mr. Oñate's deposition in the Court record. [Doc. 4328 at 4, 6]. The United States/Pueblos contend that when the Coalition questioned Mr. Oñate at the hearing subsequent to his deposition regarding statements he made at his deposition, the United States/Pueblos objected and the Special Master sustained their objection. [Doc. 4332]. The United States/Pueblos indicate that their objection to Mr. Oñate's deposition statements at the hearing show that they did not adopt the entirety of Mr. Oñate's deposition. The United States/Pueblos assert that Mr. Oñate's testimony at the hearing, not his deposition testimony, gives a clear and coherent explanation of the issues on which he had been asked to testify by the United States. [Doc. 4332 at 7-8].

The Coalition also argues that Mr. Oñate's deposition is not hearsay under Fed. R. Evid. 801(d)(2)(C) because the United States authorized Mr. Oñate to make the statements in his deposition. Rule 801(d)(2)(C) provides:

7

**(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:

. . .

**(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:

. . .

**(C)** was made by a person whom the party authorized to make a statement on the subject;

. . .

The statement must be considered but does not by itself establish the declarant's authority under (C) . . . .

The Coalition contends that it is undisputed that the United States authorized Mr. Oñate to make statements on the subject of Spanish and Mexican law as they pertain to the issues before the Court because: (1) the United States served the parties with Mr. Oñate's expert report; (2) the United States designated Mr. Oñate as the United States/Pueblos' expert on Spanish and Mexican law; (3) Mr. Oñate was deposed; and (4) in responses to interrogatories and motions for summary judgment, the United States referred the parties and the Court to Mr. Oñate's deposition. [Doc. 4328 at 3-4]. The Coalition cites Glendale Federal Bank, FSB v. United States, 39 Fed. Cl. 422, 423-425 (1997), for the proposition that when an expert is put forward for trial it is reasonable and fair to presume they have been authorized and that this includes prior deposition testimony of that expert. See also H.E. Collins v. Wayne Corp., 621 F.2d 777, 781-782 (5th Cir. 1980) (deposition testimony of an expert, who was employed by a bus manufacturer to investigate and analyze a bus accident, was an admission of the manufacturer).

The United States contends that when the Coalition attempted at the hearing to cross-examine Mr. Oñate on portions of the excerpts the Coalition now proffers, or on the same subject

matter addressed in the deposition excerpts, the United States successfully objected to *some* of those questions, demonstrating that the United States did not authorize those statements.  The United States asserts that Glendale is not binding and notes that the Third Circuit "fail[s] to comprehend how an expert witness, who is not an agent of the party who called him, can be authorized to make an admission for that party."  Kirk v. Raymark Industries, Inc., 61 F.3d 147, 164 (3rd Cir. 1995).  The Third Circuit clarified its holding stating "We are unwilling to adopt the proposition that the testimony of an expert witness who is called to testify on behalf of a party in one case can later be used against that same party in unrelated litigation, unless there is a finding that the expert witness is an agent of the party and is authorized to speak on behalf of that party."  Kirk v. Raymark Industries, Inc., 61 F.3d 147, 164 (3rd Cir. 1995).  See also Koch v. Koch Industries, Inc., 37 F.Supp.2d 1231, 1245 (D.Kan. 1998) (because there was no explicit finding on the record that the expert was an agent of the defendant, court rejected holding in H.E. Collins v. Wayne Corp. to the extent that it suggests that an expert who is hired by a party is automatically an agent of that party under Rule 801(d)(2)(C)).

After reviewing the briefing, the Court finds that the claims of the Coalition and the United States are conflicting.  It is clear that the United States objected to portions of the Oñate examination, that the United States and Pueblos adopted or authorized some portions of Oñate's opinion, but may not have authorized or adopted others.  It is simply unclear to the Court because the parties have not provided specifics on what portions or statements were authorized and adopted and which portions or statements were not.  This places an impediment in the way of the Court's ability to decide in the absence of those specifics.

The Court has determined that the most appropriate way to proceed on this issue is to defer a ruling.  The parties are free to approach this in one of two ways, at their determination.  Either at

the evidentiary hearing before Judge Lynch, they may present evidence concerning what was or was not authorized and adopted, or they may do so in the subsequent briefing before the Court, making teir arguments as to whether those statements were adopted or authorized or were not.

The Coalition may offer Mr. Oñate's deposition excerpts at the hearing, and the United States and Pueblos can offer their evidence or argument either at the hearing or at a subsequent briefing concerning their contention that these portions were not authorized and were not adopted.

When the Court rules on the briefing submitted after the February 2014 hearing, it will determine which, if any, of the deposition statements were adopted or authorized, and whether the Court should consider those excerpts. Moreover, to the extent that an expert has relied on those portions of the deposition for purposes of his opinion, if the Court ultimately concludes that those were not authorized, the rules applicable to evidence and, generally, instructions that are given to a jury, allow the fact finder to disregard portions of the opinion if they find that the opinion is not sound or based on valid premises.

**Order of Reference**

United States District Judge Vázquez asked me to preside over the pretrial conference and United States Magistrate Judge Lynch to preside over the evidentiary hearing due to her workload on her criminal docket and her desire to not delay proceedings in this case. Because the evidence put on the record at the evidentiary hearing will be used by the parties in their subsequent briefs regarding dispositive legal issues, the parties asked whether Judge Lynch would file a report and recommendation pursuant to 28 U.S.C. § 636. During the pretrial conference, and after discussing the matter over the telephone with Judge Vázquez, the Court indicated that Judge Vázquez would enter an order of reference regarding Judge Lynch presiding over the evidentiary hearing and would include a directive for Judge Lynch to prepare a report and recommendation. Review of the docket

shows that Judge Vázquez has already entered an order of reference which referred "[a]ll matters in this case, as allowed by the provisions of 28 U.S.C. § 636(b)(1) and (b)(3)" to Judge Lynch. [Doc. 4172].

The parties had some questions regarding the timing and subject matter of Judge Lynch's report and recommendations. The February evidentiary hearing is a fairly unique proceeding in that there isn't a decision to be made at the conclusion of the hearing. Instead, the purpose of the hearing is simply to provide a forum and an opportunity for the parties to put on record their expert opinions so that the parties could refer to those opinions in the subsequent briefing. The concern that "Judge Lynch may be at sea over what he's supposed to recommend or report on" is unfounded. The parties have made clear that the evidence put on the record at the February hearing will be referred to in their subsequent briefs seeking a ruling on Issues 1 and 2. [Doc. 4301]. The parties have jointly defined Issues 1 and 2. [Doc. 4253]. Judge Lynch has been the referral judge for this case for almost six years now and is familiar with the issues. Because there is no decision to be made at the conclusion of the hearing, Judge Lynch will make his report and recommendation on Issues 1 and 2 after the briefing has been completed.

**IT IS SO ORDERED.**

                                        *Lorenzo F. Garcia*
                                  **UNITED STATES MAGISTRATE JUDGE**