IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, on its
own behalf and on behalf of the
PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer,
    Plaintiffs,        83cv01041 MV/JHR
                <u>JEMEZ RIVER ADJUDICATION</u>
and

THE PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,
   Plaintiffs-in-Intervention,

v.

TOM ABOUSLEMAN, *et al.*,
   Defendants.

## **MEMORANDUM OPINION AND ORDER**

   **THIS MATTER** comes before the Court on the Coalition's Motion for: 1) Action on A) the Special Master's October 1, 1991 Report and B) Issue 4; and 2) the Entry of a Final Judgment on the Pueblos' Water Rights and Memorandum in Support, Doc. 4403, filed January 4, 2018 ("Coalition's Motion"), on the Motion of the Pueblos of Santa Ana, Zia and Jemez to Certify the Court's September 30, 2017 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), Doc. 4404, filed January 9, 2018 ("Pueblos' Motion"), and on the United States' Motion to Certify Court's September 30, 2017 Memorandum Opinion and Order for Interlocutory Appeal, Doc. 4405, filed January 9, 2018 ("U.S.' Motion").

**Background**

   After several years of settlement negotiations regarding the Pueblos' water rights, the

Court ordered the Parties to submit a discovery plan by April 13, 2012, in the event they did not complete a settlement agreement by that date. *See* Doc. 4229, filed July 29, 2011. The Parties notified the Court that they believed it would be necessary to resume litigation, and that "[p]rior to proceeding with a discovery plan, the parties believe that there are several critically important threshold legal issues outstanding that, in the interest of judicial economy and the parties' economic resources, must be decided by the Court before the parties can meaningfully prepare for trial and present relevant evidence and, hence, before we can submit a discovery plan." Doc. 4234, filed March 15, 2012. On April 13, 2012, the Parties identified five threshold legal issues. *See* Doc's 4237 and 4239. One of those threshold legal issues was whether Spain, Mexico or the United States had extinguished the Pueblos' aboriginal water rights.

After two and a half days of expert testimony, extensive briefing, entry of Judge Lynch's Proposed Findings and Recommended Disposition ("PFRD"), and objections to the PFRD, the Court adopted the PFRD that Spain extinguished the Pueblos' aboriginal water rights. *See* Doc.4329, filed September 30, 2017.

**Request for Certification for Interlocutory Appeal**

The United States and the Pueblos filed motions asking the Court to certify the Court's September 30, 2017, ruling that Spain extinguished the Pueblos' aboriginal water rights for interlocutory appeal. "The United States requests that the following specific question of law be certified to the Tenth Circuit: whether the aboriginal water rights of the Pueblos of Jemez, Santa Ana, and Zia were extinguished by the Spanish Crown under colonial law where the Crown took no affirmative action to reduce or alter the water use of the Pueblos." U.S.' Motion at 1. The Pueblos indicate that the question of law at issue is "whether the mere extension of Spanish

authority over the Southwest, in the absence of any formal [affirmative] act, extinguished the Pueblos' aboriginal water rights." Pueblos' Motion at 7.

The United States and the Pueblos seek certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

**Controlling Question of Law**

The Court's Order involves a controlling question of law. *See Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1291 (10th Cir. 2005) ("Interlocutory appeals originate from the district court's order itself, not the specific question certified by the district court or the specific question framed by the appellant") (citing *United States v. Stanley,* 483 U.S. 669, 677 (1987)). "[T]he correct test for determining if an issue is appropriate for interlocutory review is (1) whether that issue was raised in the certified order; and (2) whether the issue can control the disposition of the order." *Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1291 (10th Cir. 2005). The issue of whether the Pueblos' aboriginal water rights were extinguished by the imposition of Spanish authority without any affirmative act was raised in the Court's Order. *See* Order at 4-5, 7. Resolution of that issue on appeal could affect the outcome of this case. *See* 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper § 3930 (3d ed.

2012) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment").

**Substantial Ground for Difference of Opinion**

There is substantial ground for difference of opinion regarding the controlling question of law.

> There is a substantial ground for difference of opinion which supports a certificate for an interlocutory appeal if a trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. A "substantial ground for difference of opinion" exists under 28 U.S.C.A. § 1292(b) where reasonable jurists might disagree on an issue's resolution and not merely where they have already disagreed.
>
> To determine if a substantial ground for difference of opinion exists, as required to certify an order for interlocutory appeal, courts must examine to what extent controlling law is unclear; however, just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support interlocutory appeal. On the other hand, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting the development of contradictory precedent.

2 Fed. Proc., L. Ed. § 3:218 (footnotes omitted) (collecting cases). The issue of whether the imposition of sovereign authority without an affirmative act is sufficient to extinguish the Pueblos' aboriginal water rights is a novel and difficult question of first impression. While several cases cited by the United States and the Pueblos show that Indian title was extinguished by affirmative acts, the United States and the Pueblos have not cited, and the Court has not found, any authority which expressly states an affirmative act is required to extinguish Indian title. Because the Supreme Court has indicated that Indian title may be extinguished in a number of ways including

"by treaty, by the sword, by purchase, by the exercise of complete dominion adverse to the right of occupancy, or otherwise," without expressly stating that an affirmative act is required to extinguish Indian title, fair-minded jurists might reach contradictory conclusions regarding whether Spain extinguished the Pueblos' aboriginal water rights by exercising complete dominion over the determination of the right to use public waters.

**Immediate Appeal may Materially Advance the Ultimate Termination of this Case**

"In certifying an interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b), the district judge must find that the interlocutory appeal may materially advance the ultimate termination of the litigation."

> This requirement reflects the policy that the court of appeals will grant interlocutory review only in extraordinary cases where a decision might avoid protracted and expensive litigation. If it appears that an interlocutory appeal will delay a trial rather than expedite or eliminate it, leave to appeal should be denied. Moreover, the fact that the certification is sought shortly before trial is scheduled to begin is good reason for denying interlocutory review. When litigation will be conducted in substantially the same manner regardless of the district court's decision, an appeal cannot be said to materially advance the ultimate termination of the litigation.
>
> The determination of whether an interlocutory appeal may materially advance the ultimate termination of litigation properly turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief. For certification, an interlocutory appeal need not have a final, dispositive effect on the litigation as it is required only that it "may materially advance" the litigation.

2 Fed. Proc., L. Ed. § 3:219 (footnotes omitted) (collecting cases).

An immediate appeal from the Court's Order may materially advance the ultimate termination of this case. If the Court proceeds under an incorrect legal standard and is reversed on appeal, the Court and the Parties would have to expend time and resources to re-litigate the issue.

Certifying the Order for interlocutory appeal is also consistent with the Parties' request that "[p]rior to proceeding with a discovery plan, the parties believe that there are several critically important threshold legal issues outstanding that, in the interest of judicial economy and the parties' economic resources, must be decided by the Court before the parties can meaningfully prepare for trial and present relevant evidence and, hence, before we can submit a discovery plan." Doc. 4234.

**Certification for Interlocutory Appeal**

The Court is of the opinion that its Order ruling that Spain extinguished the Pueblos' aboriginal water rights, s*ee* Doc. 4329, filed September 30, 2017, involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of this case. The Court therefore certifies its Order, Doc. 4329, filed September 30, 2017, for immediate appeal.

**The Jemez River Basin Water Users' Coalition's Motion**

The Jemez River Basin Water Users' Coalition ("Coalition") asks the Court to act on Special Master Zinn's October 1, 1991 Report ("Zinn Report"), issue a ruling on Issue 4 and enter a final judgment on the Pueblos' water rights. Because the Zinn Report presents findings of fact and recommended conclusions of law regarding the Pueblos' water rights based upon the Pueblos' past uses of water, the Court will defer acting on the Zinn Report until after the Tenth Circuit rules on the interlocutory appeal regarding the Court's ruling that Spain extinguished the Pueblos' aboriginal water rights. The Court denies the Coalition's Motion and stays proceedings in this case pending a decision by the Tenth Circuit on the interlocutory appeal.

**IT IS ORDERED** that:

(i) the Motion of the Pueblos of Santa Ana, Zia and Jemez to Certify the Court's September 30, 2017 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), Doc. 4404, filed January 9, 2018, and the United States' Motion to Certify Court's September 30, 2017 Memorandum Opinion and Order for Interlocutory Appeal, Doc. 4405, filed January 9, 2018, are **GRANTED.**

(ii) The Court **CERTIFIES** its Order, Doc. 4329, filed September 30, 2017, for immediate appeal.

(iii) The Coalition's Motion for: 1) Action on a) the Special Master's October 1, 1991 Report and b) Issue 4; and 2) the Entry of a Final Judgment on the Pueblos' Water Rights and Memorandum in Support, Doc. 4403, filed January 4, 2018, is **DENIED without prejudice.**

(iv) Proceedings in this case are **STAYED** until the Court of Appeals for the Tenth Circuit declines to permit an interlocutory appeal or issues a ruling on the interlocutory appeal.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**