# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, on its
own behalf and on behalf of the
PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer,

       Plaintiffs,                                       No. 6:83-cv-01041-KWR-JHR

                                                                JEMEZ RIVER ADJUDICATION

and

THE PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

       Plaintiffs-in-Intervention,

v.

TOM ABOUSLEMAN, *et al.*,

       Defendants.

## ORDER GRANTING MOTION TO EXTEND STAY OF LITIGATION

**THIS MATTER** comes before the Court on the Expedited Joint Motion to Amend Scheduling Order, Doc. 4453, filed February 10, 2022.

This case was stayed for about five years, from 2007 until early in 2012, while the Parties pursued settlement negotiations. The Parties returned to litigation after the negotiations broke down in 2012. The Parties identified five threshold legal issues to be addressed before the Court could determine the Pueblos' water rights. The Court entered its ruling on one of the threshold issues in September 2017, from which some Parties appealed. In December 2020, the Tenth

Circuit Court of Appeals reversed the Court's determination regarding that threshold issue.

The Court ordered the Parties to file briefs regarding the schedule for addressing the remaining issues in this case. *See* Doc. 4441, filed June 2, 2021. The Pueblos of Jemez and Zia, the United States, the State of New Mexico and the Jemez River Basin Water Users Coalition ("Coalition") stated they had been in settlement negotiations for several years and have achieved substantial progress. They also stated they believe it would be counterproductive to settlement efforts to prepare legal briefs during negotiations and expect that they can complete a settlement document by early 2022 for submission to New Mexico's Congressional delegation for introduction in the first half of 2022. Given the time and effort the Parties have invested in settlement negotiations, and their expectation that they can complete a draft settlement agreement in early 2022, the Court found that a short stay of litigation to avoid disrupting the settlement negotiations was warranted and stayed litigation until February 22, 2022, with initial briefs addressing threshold Issues Nos. 1 and 2 due on March 1, 2022.

The Settlement Parties (the Pueblo of Jemez, the Pueblo of Zia, the United States, the State of New Mexico and the Coalition) now seek a three-month extension of the stay stating:

> several sections of the settlement agreement are in final or near-final form ... counsel and technical staff for the Settlement Parties are meeting several times a week to finalize other parts of the agreement with the goal of presenting the settlement agreement for their clients' approval this spring followed by submission of federal legislation to Congress for approval of the settlement no later than this fall. The Settlement Parties fear they will not meet that goal if required to redirect those resources to briefing or other litigation on the threshold legal issues ... If a settlement agreement is reached Jemez and Zia's water rights claims will be fully resolved, leaving only the claims of Santa Ana to be determined in a simpler proceeding, potentially reducing the burden on the Court and the remaining parties to the litigation.

Motion at 5.

> The Pueblo of Santa Ana opposes a new extension of the stay of litigation stating:
>
> it is and will continue to be prejudiced by the continued delays in resuming this litigation ... what remained was for this Court to decide whether, on the basis of the record before it and in light of the 10th Circuit ruling, there was any action of the Mexican government, or of the United States government, that could be said to have extinguished the Pueblos' aboriginal water rights. (The Court could also consider Issue No. 2 ... If no action by Mexico or the United States could be identified ... then the Court would presumably move to Issue No. 3 ...That issue was extensively briefed in 2013, but the Court might want further briefing.  But once Issue No. 3 is decided the case would be ready to move toward trials of what water rights each Pueblo has ... While Jemez and Zia Pueblos seem satisfied with the water rights that they would be allocated under the terms of the settlement, Santa Ana was allowed only a very small allocation of water, far less than it felt it was entitled to. But because there was no definitive ruling on the water rights of the Pueblos, Santa Ana had no leverage to enable it to bargain for a higher allocation.  That was the basis for its decision to continue to pursue the litigation, in hopes that ultimately favorable rulings on the issues ... would enable it to return to the settlement negotiations, and insist on better settlement terms.

Doc. 4456 at 1-4.

Requiring the Settlement Parties, who are meeting several times a week, to return to litigation will affect their ability to finalize the settlement agreement this spring.  Staying litigation may conserve judicial resources and the resources of the Settlement Parties who have invested substantial resources in the settlement and indicated the draft settlement agreement may be completed this spring.  While the Pueblo of Santa Ana may be prejudiced by a three-month extension of the stay, because rulings on the issues of the Pueblo's water rights may be delayed by a stay, the prejudice resulting from the relatively short delay is outweighed by the prejudice to the five Settlement Parties if litigation is not stayed.

**IT IS ORDERED** that the Expedited Joint Motion to Amend Scheduling Order, Doc. 4453, filed February 10, 2022, is **GRANTED.**  The Court extends the current stay of litigation in this case until June 1, 2022.  The Court resets the March 1, 2022, deadline for the

Pueblos of Jemez, Zia and Santa Ana, and the United States to file their initial briefs to June 8, 2022, with responses due on August 8, 2022, and replies due on September 7, 2022. No additional extensions of the stay of litigation will be granted absent extraordinary circumstances.

    **IT IS SO ORDERED.**

                                            **KEA W. RIGGS**
                                            **UNITED STATES DISTRICT JUDGE**