IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, on its
own behalf and on behalf of the
PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer,

   Plaintiffs,            No. 6:83-cv-01041-KWR-JHR
                     JEMEZ RIVER ADJUDICATION
and

THE PUEBLOS OF JEMEZ, SANTA ANA, and ZIA,

   Plaintiffs-in-Intervention,

v.

TOM ABOUSLEMAN, *et al.*,

   Defendants.

**ORDER DENYING MOTION TO EXTEND STAY OF LITIGATION**

  **THIS CASE** was stayed for about five years, from 2007 until early in 2012, while the Parties pursued settlement negotiations. The Parties returned to litigation after the negotiations broke down in 2012. The Parties identified five threshold legal issues to be addressed before the Court could determine the Pueblos' water rights. The Court entered its ruling on one of the threshold issues in September 2017, from which some Parties appealed. In December 2020, the Tenth Circuit Court of Appeals reversed the Court's determination regarding that threshold issue.

  The Court ordered the Parties to file briefs regarding the schedule for addressing the

remaining issues in this case. *See* Doc. 4441, filed June 2, 2021. The Pueblos of Jemez and Zia, the United States, the State of New Mexico and the Jemez River Basin Water Users Coalition ("Coalition") stated they had been in settlement negotiations for several years, have achieved substantial progress, believe it would be counterproductive to settlement efforts to prepare legal briefs during negotiations and expected that they can complete a settlement document by early 2022 for submission to New Mexico's Congressional delegation for introduction in the first half of 2022. The Court granted a stay of litigation until February 22, 2022, with initial briefs due on March 1, 2022. *See* Doc. 4452, filed October 28, 2021.

On February 10, 2022, the Settlement Parties (the Pueblo of Jemez, the Pueblo of Zia, the United States, the State of New Mexico and the Coalition) sought a three-month extension of the stay stating:

> several sections of the settlement agreement are in final or near-final form ... counsel and technical staff for the Settlement Parties are meeting several times a week to finalize other parts of the agreement with the goal of presenting the settlement agreement for their clients' approval this spring followed by submission of federal legislation to Congress for approval of the settlement no later than this fall. The Settlement Parties fear they will not meet that goal if required to redirect those resources to briefing or other litigation on the threshold legal issues. The Settlement Parties are also concerned that once back in litigation they will be forced to make legal arguments or take positions regarding discovery and other matters that could jeopardize the settlement.

Doc. 4453 at 5, filed February 10, 2022. The Court granted the Settlement Parties motion to extend the stay, reset the March 1, 2022, deadline for initial briefs to June 8, 2022, and stated: "No additional extensions of the stay of litigation will be granted absent extraordinary circumstances." Doc. 4462 at 4, filed March 1, 2022.

The Settlement Parties now ask the Court to extend the current stay of litigation until

January 3, 2023. The Settlement Parties state that:

> the Pueblo of Jemez, the Pueblo of Zia, the State and the Coalition (the "Local Parties") have negotiated a Settlement Agreement to fully and finally resolve the water rights claims of the Pueblos of Jemez and Zia within the Jemez River Basin ... [the] Settlement Agreement ... has already been approved by one of the Local Parties, the Coalition.  The other Local Parties, the Pueblos of Jemez and Zia, the State and the City of Rio Rancho are scheduled to consider approval of the Settlement Agreement within the next two weeks.

Expedited Joint Motion to Amend Order Extending Stay of Litigation at 2, Doc. 4465, filed May 23, 2022 ("Motion").  There are, however, some additional steps for the completion of an enforceable Settlement Agreement:

> Because federal funding is contemplated as an essential component of the Agreement and the Agreement contains certain provisions, in addition to federal financial contributions, that require the approval of Congress, the United States cannot execute the Agreement until the United States Congress enacts legislation authorizing the United States Secretary of the Interior to sign the Agreement. Thus, the Agreement, if approved by all Movants except the United States, will be a "Local" Agreement, meaning it has not been approved by the United States. Federal officials have already received a copy of the Agreement, as well as draft legislation seeking Congressional approval of the Agreement, and are conducting the necessary review to enable the Department of the Interior to provide input to Congress regarding the position of the United States on the Agreement.
> ....
>
> Based on meetings with members of the New Mexico Congressional delegation and their staffs, the Local Parties' goal is for legislation approving the Settlement Agreement to be introduced before the end of June 2022 and then be referred to respective Senate and House committees for hearings.

Motion at 2-4.  "Staff for New Mexico's Congressional delegation recently advised the Local Parties that legislation approving the Local Settlement Agreement could potentially be referred to Congressional committees for hearings in September 2022."  Reply at 5, n.3, Doc. 4467, filed May 31, 2022.

Movants describe the "extraordinary circumstances" justifying an additional stay through

3

January 3, 2023, as follows:

> because the threshold issues are common to all three Pueblos, they cannot be resolved solely as to Pueblo of Santa Ana at this time. Consequently, if the stay is lifted, the Pueblos of Jemez and Zia, as well as the United States as trustee for Jemez and Zia Pueblos, will be forced to litigate issues to preserve their rights in the event the Settlement Agreement is not approved. Lifting the stay will likewise force the State and the Coalition to litigate against the two Pueblos over these issues even though these parties have reached the terms of a Local Agreement. These are "extraordinary circumstances."
> ....
>
> this Court's weighing of prejudice falls even more heavily in favor of Movants now than it did in March, 2022, given the extraordinary circumstance that has occurred: a Local Agreement has been finalized and if approved by the Local Parties, legislation to approve the Agreement will likely be introduced in Congress in the near future.

Motion at 3, 5.   Movants argue that:

> Any prejudice to the Pueblo of Santa Ana caused by continuing the stay is far outweighed by prejudice to the Movants if they are forced to continue litigating settled issues ... Because the threshold legal issues are common to all three Pueblos, as a matter of justice, due process, and judicial efficiency, the threshold issues should not be adjudicated without the participation of all three Pueblos simultaneously ... The Movants recognize that it is not in the interest of justice to extend the stay of litigation indefinitely.   But neither justice nor judicial efficiency is served by forcing the Movants into protracted legal proceedings, including possible evidentiary hearings, to adjudicate the water rights claims of Jemez and Zia Pueblo which Movants are well on the way to settling.

Motion at 5, 7.   Movants also recognize that approval of the Settlement Agreement may not occur

and that Movants could possibly request yet another stay of litigation:

> It is possible that Congress will approve the Local Agreement this legislative session. It is also possible that the Agreement is not approved at the federal level by the end of the year. If that were to happen, it is not a foregone conclusion that Movants would seek an additional extension of the stay. Whether Movants would request an additional extension will depend on what events transpire between now and the end of the year regarding the federal approval process. The fact that it is possible that Movants may seek additional extensions of the stay later is, at this stage, conjectural. In any event, this Court will examine the circumstances at that

time (if a request to extend the stay were in fact filed later) and make appropriate rulings.

Reply at 5, Doc. 4467, filed May 31, 2022.

Having considered the potential prejudice to the Movants and to Santa Ana Pueblo, and keeping in mind the goal of the just, speedy and inexpensive resolution of this matter, the Court denies Movants' request to stay litigation until January 3, 2023. Litigation in this case was stayed for about five years, from 2007 until early in 2012, and from October 28, 2021, through June 1, 2022, while the Parties pursued settlement negotiations. The Court granted the previous motions to stay litigation to avoid disrupting the settlement negotiations by requiring the Settlement Parties to redirect their resources to litigation. Now that the Local Parties have negotiated a Settlement Agreement, it appears those resources previously directed to negotiation can now be, at least in part, redirected to litigation. Denying the Motion to stay litigation until January 23, 2022, will not "forc[e] the Movants into protracted legal proceedings, including possible evidentiary hearings." It only causes the Parties to file one set of briefs, although on a substantial matter, between now and January 3, 2023. Movants acknowledge that Congress may not approve the Settlement Agreement and that whether Movants would request an additional extension of the stay will depend on what events transpire between now and the end of the year regarding the federal approval process. The Court finds that the prejudice to Santa Ana Pueblo by further delaying litigation of its claims outweighs the prejudice to the Movants by requiring them to file one set of briefs between now and January 3, 2022.

The Court recognizes that circumstances may arise between now and January 3, 2023, which would justify a stay of litigation. The Court orders Movants to file monthly status reports

5

on the Congressional approval process and grants them leave to file another motion to stay litigation based on new circumstances. Although the Movants did not discuss the matter in detail, the Court recognizes that some of the Movants' resources will need to be directed to the Congressional approval process. Consequently, the Court will reset the briefing deadlines, currently set for June 8 through September 7, 2022, to accommodate the Parties' involvement with the Congressional approval process.

**IT IS ORDERED** that the Expedited Joint Motion to Amend Order Extending Stay of Litigation, Doc. 4465, filed May 23, 2022, is **DENIED.** The Court **RESETS** the June 8, 2022, deadline for the Pueblos of Jemez, Zia and Santa Ana, and the United States to file their initial briefs to September 14, 2022, with responses due on October 14, 2022, and replies due on November 14, 2022. The Settlement Parties **SHALL FILE** a monthly status report on Congressional-approval process of the Settlement Agreement with the first report due on July 15, 2022.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**